## APPEAL OF ALICE M. CLEMSON.

Docket No. 6256.    Decided November 23, 1926.

The evidence is insufficient to show that the Commissioner's valuation of property acquired by inheritance in 1918 was erroneous.

*R. Lester Moore, Esq.*, for the petitioner.
*Bruce A. Low, Esq.*, for the Commissioner.

The deficiency involved is $2,747.89. The petitioner acquired certain real estate by inheritance on August 5, 1918. The Commissioner determined its value at that time to have been $83,000. This property was sold in 1920 for $123,863. The petitioner claims that the value of the property in 1918 was in excess of the amount for which it was sold.

### FINDINGS OF FACT.

The petitioner is the widow of Ralph E. Clemson, who, at the time of his death on August 5, 1918, was a resident of Pittsburgh, Pa. Ralph E. Clemson died testate, leaving surviving him his widow and one child, a son. The pertinent part of his will, so far as this case is concerned, is as follows:

FIRST: I give, devise and bequeath all my estate, real, personal and mixed, of whatever kind and description and wheresoever the same may be situated, unto John G. Clemson, Gibson D. Packer and Hallock C. Sherrard, their suc-

cessors and assigns, in trust nevertheless to hold, manage, invest, re-invest and keep invested the same and pay out of the net income therefrom, without deduction for any tax, the sum of one hundred dollars ($100) per month during her life to Edith G. Smith, who has cared for my son, Richard E. Clemson; the balance of said net income, to an amount not exceeding twelve thousand dollars ($12,000) per annum shall be paid by said Trustees, without deduction for any tax, to my wife, Alice M. Clemson, quarterly during her life or so long as she remains my widow * * *.

EIGHTH: Said Trustees shall have power to make and change investments from time to time, and full power and authority is hereby given to them to sell, and convey any of my real estate upon such terms as they deem proper, and to make, execute, acknowledge and deliver a deed or deeds therefor without liability on the part of the purchaser to see to the application of the purchase money.

NINTH: I nominate and appoint John G. Clemson, Gibson D. Packer and Hallock C. Sherrard executors of this my last will and testament, and full power and authority is given unto them to sell and convey any real estate of which I may die seized, and to make, execute, acknowledge and deliver a deed or deeds therefor, without liability on the part of the purchaser to see to the application of the purchase money. * * *

On January 3, 1919, the petitioner elected under the laws of Pennsylvania to take against the will of her husband, and claimed one-half of the estate under the Wills and Intestate Acts of Pennsylvania in lieu of the annuity of $12,000 provided for her in the will. Her written election, under oath, to take under the intestate laws was filed in the Orphans' Court of Allegheny County, Pennsylvania, and is as follows:

I, Alice M. Clemson, widow of Ralph E. Clemson, late of Allegheny County, deceased, do hereby waive, the devise and bequest to me by his last will and testament, and do elect to take my share of his estate under the intestate laws of the Commonwealth of Pennsylvania.

Section 23 (a) of the Wills Act of June 7, 1917, P. L. 403; Pa. St. 1920, section 8335, is as follows:

When any person shall die testate, leaving a surviving spouse who shall elect to take against the will, such surviving spouse shall be entitled to such interests in the real and personal estate of the deceased spouse as he or she would have been entitled to had the testator died intestate: Provided, That nothing herein contained shall affect the right or power of a married woman, by virtue of any authority or appointment contained in any deed or will, to bequeath or devise any property held in trust for her sole and separate use.

Section 1 (a) of the Intestate Act of June 7, 1917, P. L. 429; Pa. St. 1920, section 8342, provides as follows:

The real and personal estate of a decedent, whether male or female, remaining after payment of all just debts and legal charges, which shall not have been sold, or disposed of by will, or otherwise limited by marriage settlement, shall be divided and enjoyed as follows; namely,—

Where such intestate shall leave a spouse surviving and one child only, or shall leave a spouse surviving and no children, but shall leave descendents of

one deceased child, the spouse shall be entitled to one-half part of the real and personal estate.

The deceased, Ralph E. Clemson, at the time of his death owned considerable property, real and personal. Included in such property was a country home on Woodland Road, near Pittsburgh, known as "Oak Gables," acquired by him in 1909, which was valued for Federal estate-tax purposes, as well as for State inheritance tax purposes, at $83,000. The Commissioner determined that the value of the property on August 5, 1918, was $83,000. This property was sold in 1920 for $123,863 net, and this petitioner under her election to take against the will received one-half of the proceeds thereof. The Commissioner held that petitioner's one-half interest was acquired under her election on August 5, 1918. He determined that, upon the sale in 1920 for $123,863, the petitioner realized a taxable profit.

OPINION.

LITTLETON: The evidence before the Board in support of the claim of the petitioner that the residence in question had a value on August 5, 1918, in excess of the amount for which it was sold in 1920 consisted of the testimony of four witnesses.

A member of the firm which constructed the building in 1909 and 1910 testified that, with the exception of electric work, plumbing, heating, finishing hardware, painting, glazing, furnishings and decorating, and title work, the building cost $53,366.31.

Another witness, an officer of a construction company, testified that in his opinion, from the measurements of the cubical contents of the house, the cost of reproduction new in 1920, less depreciation at 2 per cent per annum, was $127,624, and that this cost was considerably in excess of such cost in 1918.

Another witness, an employee of the appraisal company which had made an appraisal on April 23, 1913, of the personal property in the house at that time, such as furniture, carpets, tapestries, clothing, etc., upon the basis of replacement cost, identified the appraisal as one made by that company. He had nothing to do with the making of the appraisal. The appraisal was not offered or received in evidence.

The petitioner testified that a portion of the personal property in the house in 1918 and 1920 was sold with it.

This evidence is insufficient to warrant the Board in finding that the Commissioner's determination of value was erroneous.

            *Judgment will be entered for the Commissioner.*